ALMB 3 (Rev 12/17)

# United States Bankruptcy Court
# Middle District of Alabama

IN RE:
**Charlene Nicole Sanders**
        Debtor(s).

CASE NO. 21-30175

## CHAPTER 13 PLAN
Date March 2, 2021
☑ Check If Amended Plan

## 1. NOTICES

### 1.1 Creditor Notices

**CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should carefully read this and other documents sent to you, and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION.** An objection to confirmation must be filed not later than seven days prior to the date fixed for the confirmation hearing. The document must state with particularity the grounds for the objection.

**PROOFS OF CLAIM.** Creditors must file a timely proof of claim to be paid under this plan. Confirmation of this plan does not bar the debtor, trustee, or a party in interest from objecting to a claim. Confirmation of this plan does not constitute the allowance or disallowance of the amount of the creditor's claim, but it does control how the claim will be paid under the plan.

| | | | |
|---|---|---|---|
| 1.1.1 | A limit on the amount of a secured claim which may result in a partial payment or no payment at all to the secured creditor, set out in paragraph 5.1. If the Included box is checked, the plan must be served on the affected creditor. Rule 3012, F.R. Bankr. P. | ☑ Included | ☐ Not Included |
| 1.1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in paragraph 6. If the Included box is checked, the plan must be served on the affected creditor. Rule 4003, F.R. Bankr. P. | ☐ Included | ☑ Not Included |
| 1.1.3 | Nonstandard provisions, set out in paragraph 17. | ☑ Included | ☐ Not Included |

## 2. PAYMENT AND LENGTH OF PLAN

Debtor shall pay $ 200.00 per monthly to the chapter 13 trustee beginning 2/2021
Debtor shall pay $179.00 per bi-weekly to the chapter 13 trustee beginning 3/2021
Debtor shall pay $207.00 per bi-weekly to the chapter 13 trustee beginning 4/2021

The length of the plan is 60 months. Other payment provisions:

## 3. FILING FEES

The filing fee as prescribed by Local Rule 1006-1 shall be paid as follows:

☐ Filing fee paid in full directly to the clerk of court with the petition.
☐ Filing fee is being paid in installments directly to the clerk of court.

☑ Filing fee is being paid in installments through this plan as follows:

| | |
|---|---:|
| Total filing fee: | $313.00 |
| Initial installment paid with filing of petition: | 53.00 |
| Remaining balance to be paid through the chapter 13 plan: | $260.00 |

## 4. ATTORNEY'S FEES FOR DEBTOR'S BANKRUPTCY COUNSEL

The following attorney's fees shall be paid through the debtor's plan payments:

| | |
|---|---:|
| Total attorney fee: | $3,500.00 |
| Amount paid by the debtor directly to attorney prior to filing: | $0.00 |
| Net attorney fee being paid through the chapter 13 plan disbursements: | $3,500.00 |

## 5. SECURED CLAIMS

### 5.1 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE PLAN LIMITS VALUE OF COLLATERAL

(Form Plan 07-07-2017)　　　　　　　　　　　　　　　　1

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com　　　　　　　　　　Best Case Bankruptcy

☐ None.

The remainder of this paragraph will be effective only if the applicable box in paragraph 1.1.1 is checked.

☑ Pursuant to 11 U.S.C. §1322(b)(2), claims being paid under this section of the plan will be modified. For secured claims of creditors, unless ordered otherwise by the court, the plan provisions below control the value of the secured claim listed below. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in the proof of claim filed in accordance with the bankruptcy rules controls over any contrary amounts listed below. The debtor proposes that the trustee make adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. §1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. §1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the trustee. The trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the trustee's distribution process only after the timely filing of a proof of claim by such creditor. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| LOANMAX | 2014 CHEVROLET SONIC | $1,400.00 | $3,500.00 | 6% | No | $15.00 | $50.00 |

**5.2 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE VALUE IS NOT MODIFIED**

The claims listed below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or (2) incurred within 365 days of the petition date and secured by a purchase money security interest in any other thing of value. The debtor proposes that the trustee make adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. § 1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. § 1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the trustee. The trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the trustee's distribution process and only after the timely filing of proofs of claim by such creditors. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, creditors' claims shall be paid the specified monthly plan payments on the terms and conditions listed below as required under 11 U.S.C. § 1325(a)(5). Claims being paid under this section of the plan will not be affected by 11 U.S.C. § 506 and will be paid pursuant to 11 U.S.C. § 1325(a)(5).

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

6. **LIEN AVOIDANCE**

☑ None.

The remainder of this paragraph will be effective only if the applicable box in paragraph 1.1.2 is checked.

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, upon entry of the order confirming the plan a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Rule 4003(d), Federal Rules of Bankruptcy Procedure. If more than one lien is to be avoided, provide the information separately for each lien. Transfer any remaining amount after avoidance to paragraph 5.1 for treatment as a secured claim.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Information regarding judicial lien or security interest | Calculation of lien avoidance | Treatment of remaining secured claim |
|---|---|---|

7. **SURRENDERED PROPERTY**
The debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any secured claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following surrender, if applicable, is filed by such creditor.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|

8. **CURING DEFAULTS**
Pursuant to 11 U.S.C. § 1322(b)(5), the debtor shall cure defaults with respect to the creditors indicated below. The trustee shall pay through this plan the allowed claims for arrearages at 100%. Unless otherwise ordered by the court, the amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The amount of arrearage listed herein is an estimate, and in no way shall this estimate limit what the trustee shall distribute to said creditor under this plan to cure the default.

| Creditor | Collateral Description | Amount of Arrearage | Interest Rate | Monthly Payment |
|---|---|---|---|---|

9. **DIRECT PAYMENTS**
The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all 11 U.S.C. § 1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral | Date Payment to Resume | Direct Payment Amount |
|---|---|---|---|---|---|
| -NONE- | | | | | |

10. **LONG-TERM DEBTS MAINTAINED THROUGH PLAN**
The debtor proposes that the trustee maintain the following long-term debts through the plan. Prior to confirmation of this plan, the trustee shall make adequate protection payments to all of the following long term creditors indicated below. The trustee shall commence making such payments to creditors holding allowed secured claims consistent with the trustee's distribution process and only after the timely filing of proofs of claim by such creditors. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all payments. Upon confirmation of this plan, said long term creditors will receive payments as set out below along with the payment of the debtor's attorney's fees. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Rule 3002(c), Federal Rules of Bankruptcy Procedure, or any notice of payment change filed under Rule 3002.1(b), Federal Rules of Bankruptcy Procedure, control over any contrary amounts listed below as to the current installment payment. In the absence of a contrary claim timely filed, the amounts stated below are controlling.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

11. **DOMESTIC SUPPORT OBLIGATIONS**

   ☑ None.

12. **PRIORITY CLAIMS (Excluding Domestic Support Obligations)**
The debtor will pay all priority claims including the following pursuant to 11 U.S.C. § 507 unless a claimant expressly agrees otherwise. See 11 U.S.C. § 1322(b)(10).

| Claimant | Type of Priority | Interest Rate (if applicable) | Scheduled Amount | Monthly Payment |
|---|---|---|---|---|
| INTERNAL * REVENUE SERVICE | Taxes | 0.00% | $10,325.00 | $230.00 |
| STATE OF ALABAMA | Taxes | 0.00% | $2,683.00 | $70.00 |

13. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
Executory contracts and unexpired leases receive the following designated treatment. For all executory contracts and unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation 11 U.S.C. § 1326 adequate protection payments directly to the lessors pursuant to the terms of the contracts. For all contracts assumed,

ALMB 3 (Rev 12/17)

following the confirmation of the debtor's plan the debtor shall continue to make all payments directly to the creditors pursuant to the terms of the contracts. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to rejected contracts or leases. Any claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following rejection, if applicable, is filed by such creditor.

| Creditor | Collateral Description | Reject | Assume |
|---|---|---|---|
| Holmes Motors Montgomery | 2013 Ford Edge - Debtor will assume the lease. | | ✓ |
| VANCE AND HUFFMAN | LEASE /90002095 | | ✓ |
| VANCE AND HUFFMAN, LLC. | LEASE/90001422 | | ✓ |

14. **SPECIALLY CLASSIFIED UNSECURED CLAIMS**
   The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt | Amount of Debt to be Specially Classified | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

15. **UNSECURED CLAIMS**
   ☑ POT Plan: Allowed non-priority unsecured claims shall be paid through pro rata participation of $2,000.00 for the benefit of unsecured creditors, or until all allowed claims are paid in full.

   If the selected plan's dividend to unsecured creditors is less than 100%, the debtor proposes to pay to the trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by 11 U.S.C. § 1325(b).

16. **OTHER PLAN PROVISIONS**
   (a) Lien Retention: Allowed secured claim holders shall retain liens until the liens are released or upon completion of all payments under this plan unless specified in paragraph 6.

   (b) Vesting of Property of the Estate
   ☑ Property of the estate shall remain property of the estate subsequent to confirmation of this plan.

   All property of the estate, whether it remains in the estate or revests with the debtor upon confirmation of the plan, shall remain in the debtor's possession and control. Subject to the requirements of 11 U.S.C. §363, the debtor shall have use of property of the estate.

   (c) Direct Payments by Debtor: Secured creditors and lessors to be paid directly by the debtor may continue to mail to the debtor the customary monthly notices or coupons notwithstanding the automatic stay.

17. **NONSTANDARD PROVISIONS**
   ☐ None.
   Under Rule 3015(c), Federal Rules of Bankruptcy Procedure, nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in or deviates from this plan. Nonstandard provisions set out elsewhere in this plan are ineffective.

   The following plan provisions will be effective only if "Included" is selected in paragraph 1.1.3.

Lawsuit/Claims Language
The debtor proposes to pay any proceeds over and above the allowed exemptions from any lawsuits, settlements or other causes of action to the Trustee for the benefit of unsecured creditors.
Pursuant to Section 522(f) of the Bankruptcy Code, the debtors(s) elects to avoid any and all judicial liens allowable under Section 522(f)(1), and any and all non-possessory, non-purchase money security interests allowable under Section 522(f)(2), and this Plan incorporates any motions to avoid such liens or security interests filed herein. Unless otherwise ordered by the Court, confirmation of this plan shall be deemed as an order granting any such motion of lien avoidance.

Alabama Power Language
Debtor will continue to pay pre-petition and post-petition electric service debt in the ordinary course of business in lieu of posting a deposit as adequate assurance of future payment under section 366 of the United States Bankruptcy Code. Debtor acknowledges and agrees that the automatic stay does not bar Alabama Power Company's efforts to collect pre-petition and post-petition utility service debt.

4

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

ALMB 3 (Rev 12/17)
Raised trustee payment to $207.00 bi-weekly starting 4/2021
Added Vance and Huffman leases to plan
Corrected filing fee payment

18. **SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY**
    If the debtor does not have an attorney, the debtor must sign below. If he or she does have an attorney, the debtor's signature is optional. The debtor's attorney, if any, must sign below.

    /s/ Charlene Nicole Sanders
    **Charlene Nicole Sanders**
    Signature of Debtor 1

    Signature of Co-Debtor

    Executed on     March 2, 2021

    Executed on _____

    /s/ David Weston
    **David Weston**
    Signature of Attorney for Debtor(s)

    Date     March 2, 2021

By filing this document, the debtor and his or her attorney (if applicable) certify that the wording and order of the provisions in this chapter 13 plan are identical to those contained in ALMB Local Form 3, other than any nonstandard provisions included in paragraph 17.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Debtor(s): Charlene N. Sanders
Case No.: 21-30175

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the amended plan on the following by placing it in the United States Mail, postage prepaid and properly addressed, via electronic notification, or otherwise noted.

Dated: March 2, 2021

/s/ David Weston
The Anderson Law Firm, LLC.
David Weston, Attorney for Debtor
7515 Halcyon Pte. Dr.
Montgomery, AL 36117
334-265-4477
leslie@davidweston.org

Trustee, via electronic notification
All creditors

```
Label Matrix for local noticing        U.S. Bankruptcy Court                   AmSher Collection Services
1127-2                                  One Church Street                       4524 Southlake Parkway
Case 21-30175                           Montgomery, AL 36104-4018               Hoover, AL 35244-3270
Middle District of Alabama
Montgomery
Fri Feb 19 10:30:45 CST 2021

AmSher Collection Services             Bankruptcy Administrator                CAPITAL ONE
4524 Southlake Parkway                  U. S. Bankruptcy Administrator         P O BOX 30281
Suite 15                                One Church Street                       Salt Lake City, UT 84130-0281
Birmingham, AL 35244-3271               Montgomery, AL 36104-4018


(p)CREDIT ACCEPTANCE CORPORATION        Consumer Portfolio Services, Inc.       Consumer Portfolio Services, Inc.
25505 WEST 12 MILE ROAD                 19500 Jamboree Rd                       Attn: Bankruptcy
SOUTHFIELD MI 48034-8316                Irvine, CA 92612-2411                   Po Box 57071
                                                                                Irvine, CA 92619-7071


Credit Acceptance                       Credit Acceptance                       Credit Collection Services
Attn: Bankruptcy                        Po Box 5070                             Attn: Bankruptcy
25505 West 12 Mile Road Ste 3000        Southfield, MI 48086-5070               Po Box 773
Southfield, MI 48034-8331                                                       Needham, MA 02494-0918


Credit Collection Services              Department of Education/582/Nelnet      Department of Education/582/Nelnet
Po Box 447                              Attn: Bankruptcy                        Po Box 82561
Norwood, MA 02062-0447                  Po Box 82561                            Lincoln, NE 68501-2561
                                        Lincoln, NE 68501-2561


Enhanced Recovery Company               Enhanced Recovery Company               Fingerhut
Attn: Bankruptcy                        Po Box 57547                            6250 Ridgewood Road
8014 Bayberry Road                      Jacksonville, FL 32241-7547             Saint Cloud, MN 56303-0820
Jacksonville, FL 32256-7412


Fingerhut                               Holloway Credit Solutions               Holloway Credit Solutions
Attn: Bankruptcy                        Attn: Bankruptcy Department             P O Box 230609
6250 Ridgewood Road                     P O Box 230609                          Montgomery, AL 36123-0609
Saint Cloud, MN 56303-0820              Montgomery, AL 36123-0609


Holmes Motors Montgomery                IC System, Inc                          IC System, Inc
405 Eastern Blvd.                       Attn: Bankruptcy                        Po Box 64378
Montgomery, AL 36117-2013               Po Box 64378                            Saint Paul, MN 55164-0378
                                        St. Paul, MN 55164-0378


INTERNAL * REVENUE SERVICE              LoanMax                                 (p)PHOENIX FINANCIAL SERVICES LLC
P O BOX 7346                            2740 East South Blvd.                   PO BOX 361450
Philadelphia, PA 19101-7346             Montgomery, AL 36116-2512               INDIANAPOLIS IN 46236-1450


(p)PORTFOLIO RECOVERY ASSOCIATES LLC    STATE OF ALABAMA                        Sallie Mae
PO BOX 41067                            DEPT. OF REV.                           Attn: Bankruptcy
NORFOLK VA 23541-1067                   P O BOX 320001                          Po Box 9500
                                        MONTGOMERY, AL 36130-0001               Wilkes Barre, PA 18773-9500
```

Sallie Mae
Po Box 9500
Wilkes Barre, PA 18773-9500

U.S. Department of Education c/o Nelnet
121 South 13th Street, Suite 201
Lincoln, NE 68508-1911

Vance & Huffman Llc
55 Monette Parkway
Smithfield, VA 23430-2577

Vance & Huffman Llc
Attn: Bankruptcy
55 Monette Pkwy, Ste 100
Smithfield, VA 23430-2577

Vance and Huffman, LLC.
55 Monette Pkwy., Ste. 100
Smithfield, VA 23430-2577

Charlene Nicole Sanders
3539 Carter Hill Road Apt. C203
Montgomery, AL 36111-3431

David Weston
T. David Weston, LLC.
7515 Halcyon Pointe Drive
Montgomery, AL 36117-8054

Sabrina L. McKinney
P.O. Box 173
Montgomery, AL 36101-0173

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CREDIT ACCEPTANCE
25505 W 12 MILE RD
SOUTFIELD MI 48034

Phoenix Financial Services, LLC
8902 Otis Ave
Indianapolis, IN 46216

(d)Phoenix Financial Services, LLC
Attn: Bankruptcy
Po Box 361450
Indianapolis,, IN 46236

Portfolio Recovery
120 Corporate Blvd Ste 100
Norfolk, VA 23502

(d)Portfolio Recovery
Attn: Bankruptcy
120 Corporate Blvd
Norfolk, VA 23502

End of Label Matrix
Mailable recipients    37
Bypassed recipients     0
Total                  37